IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT LECOU and GARY HILL as personal representative of the ESTATE OF KAREN LECOU,<br><br>*Defendants,*<br><br>and<br><br>GARY HILL as personal representative of the ESTATE OF KAREN LECOU,<br><br>Cross-claimant,<br><br>vs.<br><br>ROBERT LECOU,<br><br>Cross-claim Defendant. | Case No. CV-19-17-BLG-SPW<br><br>**ORDER DISMISSING AND DISCHARGING LIABILITY AGAINST PLAINTIFF AND DENYING AWARD OF ATTORNEYS' FEES** |

Before the Court is Plaintiff Hartford Life and Accident Insurance Company's motion that it be dismissed and discharged from this interpleader action, that Defendants be enjoined from initiating an action against Hartford to recover the insurance benefits at issue, and for an award of attorneys' fees in Hartford's favor.

1

(Doc. 23.) Defendant and Cross-claimant Gary Hill filed a response agreeing Hartford should be dismissed and discharged of liability but objecting to an award of attorneys' fees. (Doc. 30.) Defendant and Cross-claim Defendant Robert Lecou did not file a response. For the following reasons, the Court grants the motion in part but denies Hartford an award of attorneys' fees.

Hartford initiated this interpleader action because, due to conflicting state and federal laws, it could not determine to whom it should distribute certain life insurance benefits (the "Plan Benefits") without exposing itself to litigation risk. (Doc. 1 at ¶ 23.) Hartford makes no claim for the Plan Benefits, indicates it is willing to pay the Plan Benefits to whomever the Court designates, and has deposited the Plan Benefits with the Court. (*Id.* at ¶¶ 24–26; Doc. 20.) Hartford argues only that it is entitled to attorneys' fees for initiating the interpleader action. (Doc. 24 at 8–9.) Hill agrees with dismissing Hartford but disputes whether Hartford should receive attorneys' fees. (Doc. 30 at 1.) Lecou did not respond to Hartford's motion.

Hartford's interpleader is proper, and the Court has jurisdiction to preside over it. "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010)) (internal quotations removed). An interpleader action typically involves two stages: first, the court determines whether the requirements

2

for a rule or statutory interpleader action are met—that is, whether there is a single fund at issue and whether there are adverse claimants to that fund. Fed. R. Civ. P. 22; 28 U.S.C. § 1335. Second, if the interpleader action is proper, the court then establishes the respective rights of the claimants. *Id.* at 1009. Although subject-matter jurisdiction is rarely established for a Rule 22 interpleader by federal question under 28 U.S.C. § 1331, federal courts have jurisdiction to hear interpleader actions brought by fiduciaries under the Employee Retirement Income Security Act. *Herman Miller, Inc. Ret. Income Plan v. Magallon*, 2008 WL 2620748, at *2 (E.D. Cal. July 2, 2008) (citing *Metro Life Ins. Co. v. Price*, 501 F.3d 271, 276 (3d. Cir. 2007); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1032 (9th Cir. 2000)). Hartford meets those conditions here: it brings this interpleader action under ERISA, it has established a single fund at issue (the Plan Benefits), and it has established multiple adverse claimants to that fund (Hill and LeCou). Therefore, the interpleader action is proper, and the Court dismisses Hartford.

It is also proper to enjoin the Defendants from initiating any action against Hartford for the recovery of the Plan Benefits. Courts may enjoin claimants in an interpleader action from initiating further actions against the stakeholder when those pending or threatened proceedings would "destroy the effectiveness of the interpleader suit or the enforceability of its judgment." *United States v. Major Oil Corp.*, 583 F.2d 1152, 1158 (10th Cir. 1978); *see Herman Miller*, 2008 WL 2620748,

at *2 (recognizing "an interpleader action would be futile if claimants were allowed to file separate suits against the claim holder"). Courts can only wield this injunctive power if the stakeholder has deposited the fund with the court. *Major Oil Corp.*, 583 F.2d at 1158 (stating a district court's *in personam* jurisdiction "extends only to the fund deposited with the court"); *see Herman Miller*, 2008 WL 2620748, at *2 (declining to issue an injunction where "neither the fund nor a bond" had been deposited with the court). Hartford previously deposited the Plan Benefits with the Court, and allowing the Defendants to bring a suit against Hartford to recover the Plan Benefits would "destroy the effectiveness of the interpleader suit." *See Major Oil Corp.*, 583 F.2d at 1158. Accordingly, an injunction preventing the Defendants from initiating such an action is appropriate.

Finally, Hartford and Hill dispute whether Hartford is entitled to attorneys' fees for bringing the interpleader action. District courts generally have discretion to award attorneys' fees to a disinterested stakeholder in an interpleader action. *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984).

Given that interpleader is a valuable procedural device for insurance companies faced with competing claims, some courts outside the Ninth Circuit have denied attorneys' fees because competing claims are part of the ordinary course of business for an insurance company. *Transamerica Life Ins. Co. v. Shubin*, 2012 WL 2839704, at *8 (E.D. Cal. July 10, 2012), *recommendation adopted by* 2012 WL

3236578 (E.D. Cal. Aug. 6, 2012). As Hartford points out, the Ninth Circuit has not barred recovery of fees and costs when the stakeholder is an insurance company. *Id.* Nevertheless, the Court agrees with Hill that the following reasoning for denying attorneys' fees to an insurance company stakeholder is apt:

> "First, courts have found . . . that insurance companies should not be compensated merely because conflicting claims to the proceeds have arisen during the normal course of business." [*Unum Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 794] (citing [*Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730, 732]; *Prudential v. Baton Rouge*, 537 F. Supp. 1147, 1150–51 (M.D. Ga. 1982); *Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 617–19 (N.D. Ill. 1976)). Second, courts have declined to follow the general rule where the stakeholder is an insurance company, reasoning that "insurance companies, by definition, are interested stakeholders and that filing of the interpleader action immunizes the company from further liability under the contested policy." *Id.* (citing *Prudential*, 537 F. Supp. at 1150–51; *Western Life Ins. Co. v. Nanney*, 290 F. Supp. 687, 688 (E.D. Tenn. 1968); *Cogan v. United States*, 659 F. Supp. 353, 354 (S.D. Miss. 1987)). Lastly, "some courts have exempted insurance companies from the general rule based on the policy argument that such an award [would] senselessly deplete the fund that is the subject of the preservation through the interpleader." *Id.* at 795 (citing *Paul Revere Life Ins. Co. v. Riddle*, 222 F. Supp. 867, 868 (E.D. Tenn. 1963); *Metro. Life Ins. Co. v. Jordan*, 221 F. Supp. 842, 844 (W.D.N.C. 1963); *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 556 (8th Cir. 1940); *Trustees of Directors Guild of Am. Producer Pension Benefit Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000)).

*Allstate Life Ins. Co. v. Shaw*, 2016 WL 1640461, at *6 (E.D. Mich. 2016).

The district court determined all three reasons counseled against an award of attorneys' fees and costs to the insurance company. The interpleader action at issue fell within the ordinary course of business for a life insurance company, and the

company was "capable of allocating such costs among its policyholders." *Id.* Further, the death benefits at issue amounted to $25,000, and the court found any claim for attorneys' fees "would seriously deplete the amount available under the terms of the policy to the rightful beneficiary." *Id.*

Similarly, the present action falls within the ordinary course of business for Hartford. Hartford gains a substantial benefit from the interpleader action: no liability for distributing the Plan Benefits. Lastly, the Plan Benefits amount to only $22,739.94, and any award of attorneys' fees would seriously deplete the amount left available to the rightful beneficiary. Accordingly, the Court will deny Hartford's request for attorneys' fees and costs.

IT IS HEREBY ORDERED that Hartford's Motion to Dismiss and Discharge Liability and for an Award of Attorneys' Fees (Doc. 23) is **GRANTED** in part an **DENIED** in part:

1. Hartford is dismissed and discharged from this interpleader action.
2. Defendants Hill and Lecou are enjoined from initiating any action against Hartford for recovery of the Plan Benefits at issue.
3. An award for attorneys' fees in favor of Hartford is denied.

Dated this 16th day of October, 2019.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Court Judge