IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GARY HILL as personal representative of the ESTATE OF KAREN LECOU, <br><br>　　Cross-claimant, <br><br>vs. <br><br>ROBERT LECOU, <br><br>　　Cross-claim Defendant. | Case No. CV-19-17-BLG-SPW <br><br> **ORDER STAYING ACTION** |

Before the Court is Cross-claimant Gary Hill's Motion for Stay of Action (Doc. 32.) Cross-claim Defendant Robert LeCou stated he opposed the motion but did not file a response brief.

This case involves the distribution of the life insurance benefits ("Plan Benefits") of Karen LeCou. Under Mont. Code Ann. § 72-2-813, a beneficiary who intentionally kills a decedent forfeits all benefits with respect to the decedent's estate, including life insurance benefits. However, in this matter where payment may be controlled by the Employment Retirement Income Security Act of 1974, it is unclear whether § 72-2-813 applies.

Under § 72-2-813, there are two ways to establish criminal accountability for the "felonious and intentional killing of the decedent": a judgment of conviction and

1

exhaustion of all rights to appeal, or through the petition of an interested person to the Court and a determination under the preponderance of evidence standard that the individual would be found criminally liable. § 72-2-813(7).

LeCou's conviction for intentionally killing Karen LeCou is currently on appeal to the Montana Supreme Court. If LeCou's conviction is overturned, Hill states LeCou will be the undisputed legal beneficiary of the interpleaded plan funds. (Doc. 32 at 3.) Hill asks this Court to stay the proceedings until LeCou exhausts the appeal process or is found not to be criminally liable for Karen LeCou's death. Hill further states the modest amount of interpleaded funds makes it economically unrealistic for the Estate of Karen LeCou to pursue what is effectively a civil murder trial parallel to the State's criminal and appellate proceedings. (*Id.*)

The Court agrees. Resolving the case is not possible until LeCou has exhausted the appeal process, and requiring the Estate of Karen LeCou to prove LeCou caused Karen LeCou's death is unreasonable given the amount of funds in dispute. Accordingly,

**IT IS HEREBY ORDERED:**

1. Gary Hill's Motion to Stay Action is **GRANTED**.

2. This action is **STAYED** until the parties notify the Court that: (a) Robert LeCou has exhausted the appeal process and has been found criminally

2

liable for Karen LeCou's death; or (b) Robert LeCou is found not to be criminally liable for Karen LeCou's death.

Dated this 15th day of November, 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Court Judge