IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| HARTFORD LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LECOU and GARY HILL as personal representative of the ESTATE OF KAREN LECOU,<br><br>Defendants.<br><br>and<br><br>GARY HILL as personal representative of the ESTATE OF KAREN LECOU,<br><br>Cross-claimant,<br><br>Vs.<br><br>ROBERT LECOU,<br><br>Cross-claim Defendant. | CV 19-17-BLG-SPW<br><br>ORDER |

Before the Court are Defendant and Cross-Claimant Gary Hill's, as personal representative of the Estate of Karen LeCou, motions requesting judicial notice and

1

for summary judgment. (Doc. 41 and 47). Cross-Claim Defendant Robert LeCou did not respond to either motion. Under District of Montana Local Rule 7.1 (d) (1) (B) (ii), the Court deems this failure to respond as an admission that the motions are well-taken. The Court grants these motions and will briefly explain why.

**I.      Background**

This unhappy case concerns the application of Montana Code Annotated § 72-2-813, which states that an individual who "feloniously and intentionally kills the decedent forfeits all benefits under this chapter [Chapter 2 UPC—Intestacy, Wills, and Donative Transfers] with respect to the decedent's estate." Mont. Code Ann. § 72-2-813 (2). Under the statute, a felonious and intentional killing includes "deliberate homicide as defined in [Montana Code Annotated §] 45-5-102." Robert LeCou was convicted of three counts of deliberate homicide on June 12, 2017 for killing his wife, Karen LeCou, and his brother-in-law and sister-in-law. (Doc. 42-1). Robert LeCou's conviction was affirmed by the Montana Supreme Court. (Doc. 42-2). Robert LeCou did not file for post-trial relief and did not appeal his conviction to the U.S. Supreme Court within the necessary timeframe. (Doc. 48 at 3). Gary Hill, as personal representative of Karen LeCou's estate, asks the Court to take judicial notice of Robert LeCou's conviction and asks the Court to render summary judgment in the estate's favor and hold that no benefit be

awarded to him and that the benefits of Karen LeCou's qualifying plan be awarded to her estate for administration. (Doc. 47 at 6).

## II. Legal Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020–21 (9th Cir. 2007).

## III. Discussion

The sole question left to be answered is whether Karen's qualifying plan benefits pass to her estate under Montana's slayer statute or if passage is preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*. The Court takes judicial notice of Robert LeCou's state court conviction. (Doc. 41). The question of ERISA preemption does not appear to have been squarely addressed by Montana's Supreme Court or the 9th Circuit. ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described [by ERISA]". 29 U.S.C. § 1144. However, the U.S. Supreme Court, in *dicta*, noted that the underlying principle of slayer statutes and their uniformity across jurisdictions, leaned toward a finding that ERISA does not preempt such laws. *Egelhoff v. Egelhoff*, 532 U.S. 141, 152 (2001). The 7th Circuit determined that Congress did not intend to supplant slayer statutes with ERISA because such statutes are a well-established legal principle that long-predates ERISA and that "Congress could not have intended ERISA to allow one spouse to recover benefits after intentionally killing the other spouse." *Laborers' Pension Fund v. Miscevic*, 880 F.3d 927, 934 (7th Cir. 2018) (*citing Conn. Gen. Life Ins. Co. v. Riner*, 351 F. Supp. 2d 492, 497 (W.D. Va. 2005). Consistent with those decisions, the Court finds that ERISA does not preempt Montana Code Annotated § 72-2-813 (2).

Gary Hill's motion (Doc. 47), as personal representative of Karen LeCou's estate, is GRANTED. As no issues remain, judgment shall be entered in favor of Gary Hill, as personal representative of Karen LeCou's estate.

DATED this 8th day of April 2021.

*Susan P. Watters*
Susan P. Watters
United States District Court